John Joseph ROMANO, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–96–1226.

Court of Criminal Appeals of Oklahoma.

June 25, 1997.

Robert A. Nance, William P. Strout, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Oklahoma City, for Petitioner on appeal.

No response necessary from the State.

## OPINION DENYING POST–CONVICTION RELIEF

STRUBHAR, Vice Presiding Judge:

Petitioner, John Joseph Romano, was tried by a jury and convicted of First Degree Murder in the District Court of Oklahoma County, Case No. CRF–86–3920. In accordance with the jury's recommendation he was sentenced to death. Petitioner appealed this judgment and sentence to this Court and the case was reversed and remanded for a new trial in *Romano v. State*, 827 P.2d 1335 (Okl.Cr.1992). Petitioner was retried by a jury before the Honorable Daniel J. Owens, Oklahoma County District Judge. Again, he was convicted of Murder in the First Degree and sentenced to death. Petitioner appealed his conviction to this Court and we affirmed his judgment and sentence in *Romano v. State*, 909 P.2d 92 (Okl.Cr.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 151, 136 L.Ed.2d 96 (1996). Petitioner subsequently filed with this Court an application for post-conviction relief.

Under the Post–Conviction Procedure Act, the only issues that can be raised on post-conviction are those that "[w]ere not and could not have been raised in a direct appeal ... and ... [which] [s]upport a conclusion either that the outcome of trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(1) and (2). Petitioner's post-conviction application centers around four errors which he contends occurred at trial. These are 1) counsel failed to peremptorily challenge the venireman who had background as a state correctional offi-

cer and who ultimately became the jury foreman; 2) counsel failed to object to the close proximity of armed sheriff's deputies to Petitioner; 3) counsel failed to object to the use of a single verdict form which did not distinguish between malice aforethought murder and felony murder; and 4) counsel was ineffective for failing to seek appointment of forensic experts. While Petitioner argues on post-conviction that trial counsel was ineffective for allowing these errors to occur, he also contends that appellate counsel was ineffective for failing to raise these issues on direct appeal.

We first address Petitioner's allegations that trial counsel was ineffective. The Post–Conviction Procedure Act provides that claims of ineffective assistance of trial counsel are properly before this Court only if they require fact-finding outside the direct appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Petitioner's claims of ineffective assistance of trial counsel do not turn on facts unavailable at the time of his direct appeal. Because none of the above mentioned allegations of ineffective assistance of trial counsel require fact finding outside of the direct appeal record, they are deemed to have been waived.

Next, we review Petitioner's argument that appellate counsel was ineffective for failing to raise the above mentioned allegations of trial error on direct appeal. Under the Post–Conviction Procedure Act, a claim of ineffective assistance of appellate counsel is not procedurally barred if,

it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the allegations in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.

22 O.S.Supp.1995, § (D)(4)(b)(2). Applying these statutory guidelines, this Court recently held:

[T]he threshold inquiry is (1) whether appellate counsel actually committed the act

which gave rise to the ineffective assistance allegation. . . . [T]he next question is (2) whether such performance was deficient under the first prong of the two-pronged test in *Strickland v. Washington.*[1] . . . If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.

*Walker v. State,* 933 P.2d 327, 333 (Okl.Cr. 1997).

Because a review of the record reveals that the above mentioned issues were not raised by appellate counsel on direct appeal, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. Having found such, we must now determine whether counsel's failure to raise these issues on direct appeal constitutes deficient performance.

In support of his assertion that appellate counsel was ineffective, Petitioner places a great deal of reliance upon the attached affidavit of appellate counsel wherein counsel acknowledged that at the time she prepared Petitioner's direct appeal she was an inexperienced attorney and there was no strategic basis for her failure to raise the above mentioned issues. While this goes toward showing that appellate counsel's omission of these issues was not strategic, it does not further the notion that counsel's omission was unreasonable under prevailing professional norms. While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Walker,* 933 P.2d at 334. The brief filed in Petitioner's direct appeal reflects that appellate counsel raised twenty-nine non-frivolous claims at least equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's omission of these four issues rendered her performance unreasonable under prevailing professional norms. Accordingly, because Petitioner has not established that appellate counsel's perfor-

mance was deficient, his substantive claims remain procedurally barred.

We have carefully reviewed Petitioner's application for post-conviction relief and find that Petitioner is not entitled to relief. The Application for Post–Conviction Relief is **Denied**.

CHAPEL, P.J., recuse.

LUMPKIN, J., specially concur.

LANE and JOHNSON, JJ, concur.

LUMPKIN, Judge, specially concurring.

I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–13 (Okl.1997), I concur with the Court's decision that appellate counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

---

1. 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).