1998 OK CR 34

**Napoleon LEWIS, Jr., Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. PC–97–1251.

Court of Criminal Appeals of Oklahoma.

June 1, 1998.

Dora S. Roberts, Oklahoma Indigent Defense System, Norman, for Petitioner, on appeal.

STRUBHAR, V.P.J.

¶1 Petitioner, Napoleon Lewis, Jr., was tried by a jury and convicted of First Degree Murder (Count I) and Child Abuse (Count II) in the District Court of Oklahoma County, Case No. CF–95–2135. In accordance with the jury's recommendation he was sentenced to death on Count I and life imprisonment on Count II. Petitioner appealed this judgment and sentence to this Court, and the case was affirmed in *Lewis v. State*, 1998 OK CR 24, 69 OBJ 1501, 970 P.2d 1158. Petitioner subsequently filed with this Court an application for post-conviction relief.

¶2 Under the Post–Conviction Procedure Act, the only issues that can be raised on post-conviction are those that "[w]ere not and could not have been raised in a direct appeal ... and ... [which] [s]upport a conclusion either that the outcome of trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(1) and (2). On review, this Court will determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, (2) whether the applicant's grounds were or could have been

previously raised, and (3) whether relief may be granted. . . ." 22 O.S.Supp.1995, § 1089(D)(4)(a). Further, this Court will not consider issues which were raised on direct appeal and are barred by *res judicata,* or issues which have been waived because they could have been, but were not, raised on direct appeal. *Cannon v. State,* 1997 OK CR 13, 933 P.2d 926, 928.

█ ¶3 In Proposition I, Petitioner claims he was denied a fair trial because the prosecutor knowingly used false testimony which prejudiced him. He specifically complains about instances wherein the prosecutor argued that Petitioner had thrown gasoline on his former wife and threatened to light her up. These statements were brought to this Court's attention in Petitioner's brief on direct appeal.[1]

¶4 Petitioner argues that the facts of this claim were not available at the time his direct appeal was filed because appellate counsel was unable to fully investigate the impact that the evidence had upon the jurors who convicted him. We are not persuaded by this argument as we find appellate counsel did fully litigate this claim on direct appeal. Because the propriety of this evidence was raised and thoroughly considered on direct appeal, it is now barred from review by the doctrine of *res judicata.* 22 O.S.Supp.1995, § 1089(C).

█ ¶5 Petitioner argues in his second proposition that his state and federal constitutional rights to a fair trial, presumption of innocence and due process were violated when he was chained and shackled daily in the presence of the jury and when armed guards filled the courtroom in an obvious show of force. This issue could have been raised on direct appeal, but was not. Accordingly, the claim is waived and barred from review under section 1089(C).

█ ¶6 In his third proposition, Petitioner complains he was denied his constitutional right to be tried before an impartial jury because a juror used the fact that he did not

testify as an aggravating circumstance in the second stage and another juror acted as an expert on insanity, bringing to the deliberations extraneous evidence regarding sanity. Again, this issue could have been raised on direct appeal, but was not. We find it is waived and barred from review under section 1089(C).

█ ¶7 Petitioner argues in his fourth proposition that he was denied effective assistance of trial counsel by counsel's failure to prepare, investigate and present critical information during the first and second stages of trial. Claims of ineffective assistance of trial counsel are appropriate under the capital post-conviction procedure statute only if they "are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *See Walker v. State,* 1997 OK CR 3, 933 P.2d 327, 332, *cert. denied,* — U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024. *See also* 22 O.S.Supp. 1995, § 1089(D)(4)(b)(1). While some of the information Petitioner relies upon in making this claim of ineffective assistance of trial counsel is not found in the trial record, many of the allegations concerning trial counsel's deficiencies are found within the trial record. Petitioner has not demonstrated that any of this information was not available to his appellate counsel. Because this claim should and could have been raised on direct appeal, under section 1089(D) we cannot review it now.

█ ¶8 Petitioner goes on to assert that if this Court finds his claim of ineffective assistance of trial counsel could have been raised on direct appeal, the Court should also find that his appellate counsel was ineffective for failing to raise it. Under the Post–Conviction Procedure Act, a claim of ineffective assistance of appellate counsel is not procedurally barred if,

it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals

---

1. Petitioner argued that this evidence was improperly admitted through expert testimony, that it was improper evidence of other crimes, that trial counsel was ineffective for failing to keep this evidence from being admitted and by failing to attack its reliability, and also that the prosecutor improperly referred to facts not in evidence and misstated evidence.

first finds that if the allegations in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.

22 O.S.Supp.1995, § 1089(D)(4)(b)(2). Applying these statutory guidelines, this Court recently held:

> [T]he threshold inquiry is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation.... [T]he next question is (2) whether such performance was deficient under the first prong of the two-pronged test in *Strickland v. Washington*.[2] ... If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.

*Walker*, 933 P.2d at 333 (footnotes omitted).

¶ 9 A review of the record reveals that part of the above mentioned issue was not raised by appellate counsel on direct appeal.[3] As to the portion of this issue not raised before, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. Having found such, we must now determine whether counsel's failure to raise this on direct appeal constitutes deficient performance.

¶ 10 Petitioner argues that counsel has an obligation to raise meritorious issues and accordingly, appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffective representation. This Court has held that "[w]hile appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues." *Romano v. State*, 1997 OK CR 37, 942 P.2d 222, 224. The brief filed in Petitioner's direct appeal

reflects that appellate counsel raised sixteen propositions. Many of these propositions included numerous sub-propositions, all of which were equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's omission of the allegations argued in this proposition rendered his performance unreasonable under prevailing professional norms. Petitioner has failed to show his direct appeal attorney's performance was deficient under the first prong of the *Strickland* test. Accordingly, he has failed to establish ineffective counsel under this Court's test.

■ ¶ 11 In his fifth proposition, Petitioner argues that the "clear and convincing" burden of proof applied in the trial court's evaluation of his competency to stand trial violated his right to due process. To support his claim, Petitioner cites *Cooper v. Oklahoma*, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), in which the United States Supreme Court held that Oklahoma's competency scheme that required defendants to prove their incompetence by "clear and convincing" evidence violated due process. This issue could have been raised on direct appeal but was not. Accordingly, it is deemed waived. *Walker*, 933 P.2d at 339. *See also Scott v. State*, 1997 OK CR 40, 942 P.2d 755, 758–59.

■ ¶ 12 Appellant also argues that if this issue is deemed waived, his appellate counsel was ineffective for failing to raise it on direct appeal. Because a review of the record reveals that the above mentioned issue was not raised by appellate counsel on direct appeal, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. Accordingly, we must determine whether counsel's failure to raise this issue on direct appeal constitutes deficient performance.

¶ 13 Appellate counsel could have raised this issue on direct appeal. However, in

---

**2.** 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

**3.** On direct appeal Appellate counsel actually did argue that several errors committed by trial

counsel rendered his assistance ineffective. The errors already alleged and considered on direct appeal are barred from further review by the doctrine of *res judicata* under section 1089(C).

light of trial counsel's assertion that his client was competent to stand trial, we find the argument that appellant counsel was ineffective for failing to raise this issue especially unpersuasive.[4] Petitioner has not shown that counsel's failure to raise this issue was unreasonable under prevailing professional norms. Accordingly, because Petitioner has not established that appellate counsel's performance was deficient, his claim is barred under section 1089(D)(4)(b)(2).

¶ 14 Petitioner argues in his sixth proposition that his constitutional rights were violated because he was tried and sentenced to death while incompetent. Again, this argument could have been made on direct appeal. Because it was not, it is waived and barred from review under section 1089(C).

¶ 15 In his seventh proposition, Petitioner asserts that he was denied effective assistance of trial counsel because his attorney asked the trial court to find him competent when he was in fact incompetent and also because trial counsel did not inform the jury that Petitioner was heavily medicated during trial. Again, claims of ineffective assistance of trial counsel are appropriate under the capital post-conviction procedure statute only if they "are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Walker*, 933 P.2d at 332. *See also* 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The information upon which Petitioner relies in asserting this claim was available to his appellate counsel. Because this claim should and could have been raised on direct appeal, we cannot review it now.

¶ 16 Petitioner also argues in his seventh proposition that his appellate counsel was ineffective for failing to raise this issue on direct appeal. Again, as a review of the record reveals that the above mentioned issue was not raised by appellate counsel on direct appeal, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. However, Petitioner has not shown that counsel's failure to do so was unreasonable under prevailing profes-

sional norms. In light of trial counsel's stated belief that Petitioner was competent to stand trial, we cannot find that appellate counsel's omission of this issue rendered his performance unreasonable under prevailing professional norms. Accordingly, this claim is barred.

¶ 17 Finally, Petitioner argues in his eighth proposition that the cumulative effect of errors in his case mandates reversal. Not having reached the merits of these issues, we cannot consider their cumulative effect. This proposition is denied. *See Mitchell v. State*, 1997 OK CR 9, 934 P.2d 346, 351, *cert. denied*, 521 U.S. 1108, 117 S.Ct. 2489, 138 L.Ed.2d 996.

¶ 18 Petitioner has also filed a motion for discovery in his case. As we have noted before, discovery is not required in post-conviction proceedings. *Id.* Further, this Court is not authorized to order discovery on issues it is precluded from considering. *Wallace v. State*, 1997 OK CR 18, 935 P.2d 366, 377, *cert. denied*, 521 U.S. 1108, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). Accordingly, we deny the motion for discovery and request for permission to raise additional claims.

¶ 19 Included within his motion for discovery, Petitioner has requested permission to amend. The revised post-conviction statute specifically prohibits such an action. *See* 22 O.S.Supp.1995, § 1089(D)(2). Accordingly, this request is denied.

¶ 20 Finally, Petitioner requests an evidentiary hearing. We find an evidentiary hearing is not warranted under the capital post-conviction statute as it is not necessary to facilitate post-conviction review. 22 O.S.Supp.1995, § 1089(D)(3).

¶ 21 Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED** along with Petitioner's requests for discovery and evidentiary hearing. Petitioner's request for leave to amend his Application is also **DENIED**.

---

4. *See* Proposition VII.

CHAPEL, P.J., and JOHNSON, J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concurs in result.

¶ 1 I concur, based on *stare decisis,* in the discussion dealing with ineffective assistance of counsel. *See Walker v. State,* 933 P.2d 327, 341–344 (Okl.Cr.1997) (Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

¶ 4 I continue to question the viability of issues in post-conviction applications when direct appeal counsel has raised those same category of issues in the direct appeal, i.e. ineffective assistance of trial counsel, absent a showing the matters raised are outside the record on appeal and were not available to direct appeal counsel through the exercise of reasonable diligence. That post-conviction counsel raises the same claims in a different posture than that raised on direct appeal is not grounds for reasserting the claims under the guise of ineffective assistance of appellate counsel. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate it at a different stage of the appellate process. Direct appeal counsel competently raised the issues of prosecutorial misconduct and ineffective assistance of trial counsel on direct appeal. Just because post-conviction counsel has the benefit of reviewing appellate counsel's brief on direct appeal, and with the benefit of hindsight,

envisions a new method of presenting the arguments is not a legal basis for disregard of the procedural bar. In other words, "post-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice v. State,* 912 P.2d 349, 353 (Okla.Cr.1996). *See also Hooks v. State,* 902 P.2d 1120, 1124 (Okl.Cr.1995); *Fowler v. State,* 896 P.2d 566, 570 (Okl.Cr.1995).

¶ 5 In this case, the claims of prosecutorial misconduct and ineffective assistance of trial counsel, as raised on direct appeal, contained relevant legal arguments supported by pertinent facts and legal authority. This was sufficient to enable the Court to consider the issues. That appellate counsel was not successful in those challenges is not grounds for a finding of ineffectiveness. As appellate counsel's challenges to the prosecutor's misconduct and trial counsel's effectiveness were not deficient, further argument on post-conviction would not render the issue meritorious. *Id.* Absent the showing of some objective factor, external to the defense, which impeded direct appeal counsel's ability to raise the issue, we should not entertain attempts to parse the claim. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).