Douglas C. SHAFFER, Petitioner–Appellant,

v.

Bobby BOONE, Warden, Respondent–Appellee.

No. 00–5155.

United States Court of Appeals, Tenth Circuit.

Jan. 10, 2001.

As Corrected Jan. 31, 2001.

Before BALDOCK, HENRY, and LUCERO, Circuit Judges.*

ORDER AND JUDGMENT **

HENRY, Circuit Judge.

Douglas Shaffer, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") after the district court dismissed his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that a COA is a necessary predicate to any appeal from a final order in a § 2254 proceeding). Because Mr. Shaffer has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court denies his request for a COA and dismisses this appeal.

Mr. Shaffer was convicted of second-degree felony murder after prior conviction of two or more felonies. He was sentenced to sixty years' imprisonment.

In his habeas petition, together with his amended petitions, Mr. Shaffer raised eleven grounds of error: (1) ineffective assistance of trial counsel; (2) violation of the Sixth Amendment's confrontation clause through the admission of a nontestifying codefendant's confession; (3) reversible error resulting from the prosecutor's comments regarding Mr. Shaffer's Fifth Amendment right to remain silent; (4) denial of due process through the prosecutor's improper closing argument; (5) ineffective assistance of appellate counsel; (6) violation of the Fifth Amendment through the trial court's instructions; (7) failure of the information to state all the essential elements of the underlying crime; (8) erroneous sentence enhancement; (9) the state court's lack of subject matter jurisdiction; (10) actual innocence of past convictions considered at sentencing; and (11) violation of due process through extension of leniency to Mr. Shaffer's codefendant in exchange for her testimony against him. The district court denied the first four claims on the merits; dismissed claims five, six, eight, ten, and eleven as procedurally barred absent prejudice or fundamental miscarriage of justice; and denied claims seven and nine as not cognizable in federal habeas. This appeal followed.

We construe Mr. Shaffer's allegations liberally, pursuant to *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). After a careful review of the record and the applicable case law, we conclude that Mr. Shaffer fails to make a substantial showing of the denial of a constitutional right as required under 28

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

U.S.C. § 2253(c)(2) for a COA. Specifically, Mr. Shaffer fails to demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Because we agree with the district court's well-reasoned assessment of the issues presented on appeal, we decline to duplicate the same analysis here.

Accordingly, for substantially the same reasons set forth in the district court's June 21, 2000, Order, a copy of which is attached, we DENY Mr. Shaffer's motion for a COA and DISMISS his appeal.

### ATTACHMENT

### ORDER

KERN, Chief Judge.

Before the Court for consideration is the second amended petition for a writ of habeas corpus (Docket # 7), as supplemented (# 43), filed by Petitioner, a state inmate appearing *pro se.* Respondent has filed a response pursuant to Rule 5, *Rules Governing Section 2254 Cases* (Docket # 34), and a supplemental response (# 45). Petitioner has filed a reply to Respondent's response (# 36). Petitioner has also filed a motion for summary judgment (# 46). For the reasons discussed below, the Court finds Petitioner's motion for summary judgment and his second amended petition, as supplemented, should be denied.

### BACKGROUND

Petitioner attacks his conviction entered in Tulsa County District Court, Case No. CF–90–5022. Petitioner was tried jointly with his codefendant, Michael Lawson, for the murder of Ralph Nelson. A third codefendant, Jessica Terry, entered a plea of guilty to Second Degree Felony Murder,

and received a sentence of ten (10) years imprisonment. On October 17, 1991, the jury found Petitioner guilty of Second Degree Felony Murder, After Former Conviction of Two or More Felonies, and recommended a sentence of sixty (60) years imprisonment. The trial judge sentenced Petitioner according to the jury's recommendation.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner raised the following propositions of error:

Proposition I: Introduction of the non-testifying codefendant's confession was reversible error.

 A. Admission of the non-testifying codefendant's confessions was "plain error" despite counsel's failure to object

 B. Counsel's failure to object to the introduction of the non-testifying codefendant's confession inculpating the defendant was ineffective assistance of counsel in this case

Proposition II: Comments on the defendant's right to remain silent constitute reversible error.

Proposition III: Admission of state's exhibits one, three and eight was an abuse of the trial court's discretion.

Proposition IV: Improper closing argument denied defendant due process.

(# 34, Ex. A). On August 31, 1994, the OCCA entered its unpublished summary opinion affirming Petitioner's conviction and sentence. (# 14, Ex. A).

Thereafter, Petitioner filed an application for post-conviction relief in the state trial court alleging that (1) the Information filed in his case failed to state the facts that constituted the elements of the crime with which he was charged, (2) the trial court lacked subject matter jurisdiction as the Information was not verified, (3) the trial court was without jurisdiction to sentence petitioner under the provisions of 21 O.S. § 51 since the sentences of the prior convictions were not complete, and (4) the

trial court incorrectly instructed the jury that Petitioner was presumed "not guilty" rather than presumed "innocent." *See* # 14, Ex. B. The requested relief was denied by order filed March 15, 1996. Petitioner filed a post-conviction appeal in the OCCA where the denial of relief was affirmed on June 26, 1996. (# 14, Ex. C).

Petitioner also filed an "Application for Writ of Habeas Corpus" in the trial court raising the same issues previously raised in his application for post-conviction relief. The trial court construed the pleading as a second application for post-conviction relief and, by order filed December 18, 1996, rejected the claims as barred by *res judicata*. (# 14, Ex. D). Petitioner again appealed to the OCCA where, on March 19, 1997, the denial of relief was affirmed. (# 14, Ex. F).

The record indicates that Petitioner filed a third application for post-conviction relief alleging again that the Information was not verified, that his conviction was improperly enhanced by former convictions, and that a "presumed not guilty" instruction was used at trial. In addition, Petitioner asserted ineffective assistance of counsel during all stages of trial and on direct appeal and claimed that he is innocent of the crime for which he was convicted. By order filed April 15, 1997, the trial court denied the requested relief. (# 14, Ex. G). Petitioner appealed to the OCCA, where, on July 2, 1997, the trial court's denial of the requested relief was affirmed. (# 14, Ex. H).

Petitioner commenced the instant habeas corpus action on August 22, 1996, by filing his petition in the United States District Court for the Eastern District of Oklahoma. (Docket # 1). The action was transferred to this Court where it was received for filing on December 10, 1996. On November 17, 1997, Petitioner filed the second amended petition presently before the Court (# 7). He also filed a brief in support (# 10). He raises ten (10) grounds of error. In his brief, Petitioner identifies his claims as follows:

| Proposition One: | Ineffective assistance of trial counsel deprived Petitioner of his Sixth Amendment right to counsel. |
|---|---|
| Proposition Two: | Admission of non-testifying codefendant's confession, in a joint trial, violated Petitioner's sixth Amendment right to confront his accusers. |
| Proposition Three: | Comments on the defendant's right to remain silent constitute reversible error. |
| Proposition Four: | Improper closing argument denied defendant due process. |
| Proposition Five: | Petitioner received ineffective assistance of appellate counsel, thereby violating Petitioner's Sixth Amendment rights. |
| Proposition Six: | The trial court's use of the variant jury instruction, "presumed not guilty" instead of the required "presumed innocent" was fundamental error in violation of the Fifth Amendment and the Oklahoma court's recognition of such was an intervening change in law. |
| Proposition Seven: | Failure of the information to state all the essential elements of the alleged grand larceny of personal property violated Petitioner's rights under the Fifth and Fourteenth Amendments and Article II Section 7, 16, and 20 of the Oklahoma Constitution. |
| Proposition Eight: | The enhancement of Petitioner's sentence by use of two "uncompletely (sic) executed" prior convictions violated Petitioner's right to equal protection and due process of the law. U.S. Const. Amend. V and XIV. |
| Proposition Nine: | Failure of the State to verify the Indictment/Information sheet divested the trial court of subject matter jurisdiction to try Petitioner and thereby denied Petitioner his right to due process of law. U.S. Const. Amend. XIV. |
| Proposition Ten: | Petitioner asserts his factual innocence to the crimes charged in Counts I and III of the Information CF–90–1072. |

(# 10). In response (# 34), Respondent argues that Petitioner is not entitled to habeas corpus relief on those claims adjudicat-

ed by the OCCA on direct appeal, i.e., claims one through four, based on the standard imposed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Respondent asserts that the remainder of Petitioner's claims, i.e., claims five through ten, are procedurally barred.

On September 20, 1999, the Court allowed Petitioner to supplement his second amended petition with an additional claim (# 43). Petitioner states his supplemental claim as follows: "the extending of leniency to his co-defendant in exchange for her testimony against Petitioner at his trial was violative of Petitioner's 14th Amendment rights to due process as it violated the provisions of 22 O.S. § 456." Petitioner presented this claim to the state courts via a fourth application for post-conviction relief. After the trial court denied relief, Petitioner appealed to the OCCA. However, because his petition in error was filed more than thirty (30) days after entry of the district court order denying post-conviction relief, the OCCA dismissed the appeal, citing Okla. Stat. tit. 22, § 1087, and Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals.*

In response to Petitioner's supplemental claim, Respondent argues that the issue raised involves the application and interpretation of state law, and, therefore, is not cognizable in federal habeas corpus. (# 45).

## ANALYSIS

### A. Applicability of AEDPA

Petitioner filed his petition on August 22, 1996, after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Therefore the AEDPA's amendments to the habeas statutes apply to this case. *Michael Williams v. Taylor,* 529 U.S. 420, 120 S.Ct.

1479, 1486, 146 L.Ed.2d 435 (2000) (citing *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)).

### B. Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b); *see also Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Respondent concedes (*see* # 14) and the Court finds that Petitioner has exhausted his state remedies by presenting his claims to the OCCA on direct or post-conviction appeal. Therefore, the Court finds that Petitioner meets the exhaustion requirements under the law.

### C. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. *See Michael Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Miller v. Champion,* 161 F.3d 1249 (10th Cir.1998). Petitioner in this case made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *See Michael Williams,* 120 S.Ct. at 1490. Therefore, he shall not be deemed to have "failed to develop the factual basis of a claim in state court," and he is excused from showing compliance with the balance of § 2254(e)(2)'s requirements. *Michael Williams,* 120 S.Ct. at 1491; *Miller,* 161 F.3d at 1253. As a result, a determination of Petitioner's entitlement to an evidentiary hearing is governed by standards in effect prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") rather than by 28 U.S.C. § 2254(e)(2), as amended by the AEDPA. *Miller,* 161 F.3d at 1253. Under pre-AEDPA standards, in order to be entitled

to an evidentiary hearing, a petitioner must make allegations which, if proven true and "not contravened by the existing factual record, would entitle him to habeas relief." *Id.* Petitioner's claims in this case are contravened by the record. As a result, Petitioner is not entitled to an evidentiary hearing.

### D. 28 U.S.C. § 2254(d) Standard

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Pursuant to § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Terry Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring), the Supreme Court provided guidance in applying § 2254(d) as follows:

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In the instant case, Petitioner's claims numbered one through four were considered on the merits and rejected by the Oklahoma Court of Criminal Appeals on direct appeal. Therefore, § 2254(d) guides this Court's analysis of those claims. For the reasons discussed below, the Court finds that each claim should be denied.

#### 1. Confrontation Clause challenge (Claim 2)

As his second proposition of error, Petitioner asserts that the admission of his non-testifying co-defendant's confession, in a joint trial, violated his Sixth Amendment right to confront his accusers. The "confession" at issue is the hand-written statement of Petitioner's co-defendant, Mike Lawson, introduced at trial as State's Exhibit 10. *See* Trans. at 144. The statement is part of the record before the Court and is found at Petitioner's Appendix,

Page 5, attached to the second amended petition for writ of habeas corpus. (# 7).

A defendant's right of confrontation includes the right not to have the incriminating hearsay statement of a nontestifying codefendant admitted in evidence against him. *See Bruton v. United States,* 391 U.S. 123, 137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, in *Schneble v. Florida,* 405 U.S. 427, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), the Supreme Court held that "unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." Furthermore, "[e]ven if statements implicate the defendant directly, their admission, under the facts of the case, may be harmless error." *Plantz v. Massie,* No. 99–6075, 2000 WL 743677 (10th Cir. June 8, 2000) (citing *Brown v. United States,* 411 U.S. 223, 231, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973) (*Bruton* errors are harmless if erroneously admitted testimony was cumulative to other overwhelming uncontroverted evidence properly before jury); *United States v. Glass,* 128 F.3d 1398, 1403 (10th Cir.1997) (*Bruton* violation is harmless if, considering totality of evidence and context of challenged testimony, properly admitted evidence of defendant's guilt is overwhelming and prejudicial effect of co-defendant's statement was insignificant by comparison)).

In the instant case, Petitioner complains that in his statement, Lawson directly inculpates Petitioner as the person who "strangled" the victim. In his statement, given to police on December 4, 1990, Lawson described his role in and his understanding of the robbery scheme as well as what he had been told by his co-defendant, Jessica Terry, concerning the actual robbery. In his statement, Lawson refers to Petitioner one time, by first name only, stating as follows:

> I just met Douglass & Derrick about a week ago. I don't know which one strangled him.
>
> Derrick came back early he said he went to a pool hall and that his friends dropped him off.

(# 7, Petitioner's Appendix at 5). After reviewing the entire trial transcript, the Court finds that even if the admission of Lawson's statement violated the Confrontation Clause under *Bruton,* the error was harmless. In addition to Lawson's statement, the jury heard Jessica Terry[1] testify concerning the robbery and the condition of the robbery victim when she and Petitioner departed from the scene of the robbery. Terry's testimony was consistent with the information contained in Lawson's statement. The jury also heard Georgia Dawn Winkle testify that during a December 4, 1990 conversation with Petitioner, he told her "he had killed someone." Trans. at 67. Based on the properly admitted uncontroverted evidence before the jury, the Court finds that Lawson's statement was cumulative as to Petitioner. As a result, to the extent the trial court's admission of the statement was a violation of the Confrontation Clause under *Bruton,* the Court finds the error was harmless error. Thus, Petitioner has failed to satisfy the § 2254(d) standard and habeas corpus relief should be denied on this claim.

In his motion for summary judgment (# 46), Petitioner asserts that because he believes Respondent failed to controvert the legal argument posed as to the Con-

---

1. At trial, Jessica Terry confirmed that she had received a sentence of ten (10) years imprisonment after pleading guilty to Second Degree Felony Murder as a result of her role in the death of Ralph Nelson. Trans. at 16. She also confirmed that she was testifying pursuant to her plea agreement. Trans. at 32.

frontation Clause claim, he is entitled to summary judgment. However, having concluded that Petitioner is not entitled to habeas corpus relief on his Confrontation Clause claim, the Court finds Petitioner's motion for summary judgment should be denied.

### 2. Ineffective assistance of trial counsel (Claim 1)

As his first proposition of error, Petitioner asserts that he was denied effective assistance of trial counsel in violation of the Sixth Amendment when his trial counsel failed to object to the admission of his co-defendant's confession which implicated Petitioner by name. On direct appeal before the OCCA, Petitioner presented this claim as subpart B to his first proposition of error. See # 34, Ex. A. The OCCA rejected the claim. Id.

It is well established that to prevail on an ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Murray v. Carrier, 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); United States v. Cook, 45 F.3d 388, 394–95 (10th Cir. 1995). The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. 466 U.S. at 687. To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] ... might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir.1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not

be predicated on the distorting effects of hindsight." Id. (citations omitted). Finally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." Id. To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Failure to establish either prong of the Strickland standard will result in denial of relief. Id. at 696.

In the instant case, the OCCA rejected Petitioner's claim of ineffective assistance of counsel on direct appeal. The OCCA routinely applies the Strickland standard in evaluating claims of ineffective assistance of counsel. See, e.g. Stemple v. State, 994 P.2d 61 (Okla.Crim.App.2000); Romano v. State, 942 P.2d 222 (Okla.Crim. App.1997); Walker v. State, 933 P.2d 327 (Okla.Crim.App.1997). Therefore, this Court may grant habeas relief only if Petitioner satisfies the § 2254(d) standard, i.e., only if Petitioner demonstrates that the OCCA's resolution of the claim was an unreasonable application of Strickland to the facts of Petitioner's case. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000) (J. O'Connor, concurring). After reviewing the record in this case, the Court finds Petitioner has failed to make the requisite showing.

Without addressing the performance prong of the Strickland standard, the Court finds that Petitioner has not shown that he was prejudiced by his attorney's allegedly deficient performance. As stated above, although the admission of the nontestifying co-defendant's handwritten statement may have constituted a Confrontation Clause violation under Bruton, the

Court is convinced the error was harmless because the evidence contained in the statement was cumulative of other evidence presented at trial. Having found any error as to admission of the statement to be harmless error, the Court finds that Petitioner cannot satisfy the prejudice prong of the *Strickland* standard. Petitioner cannot demonstrate that there is a reasonable probability that had trial counsel objected to the written statement of codefendant Lawson, the outcome of this trial would have been different. As a result, the Court finds that the OCCA's rejection of this claim on direct appeal was not an unreasonable application of the legal principle announced by the Supreme Court in *Strickland v. Washington* to the facts of Petitioner's case. Petitioner has failed to satisfy the § 2254(d) standard and habeas corpus relief on his ineffective assistance of trial counsel claim should be denied.

### 3. Improper comment on right to remain silent

As his third proposition of error, Petitioner asserts that comments by the prosecutor on Petitioner's right to remain silent constitutes reversible error. Specifically, Petitioner complains that during closing argument, the prosecutor stated on three (3) separate occasions that the State's evidence was uncontroverted, as follows:

Robin Brown testified she was there. He seemed distant. He said something, "I can't believe what we did." Then he whispered something in Georgia Dawn Winkle's ear. Robin told you that later she found out. That testimony, Georgia Dawn Winkle's testimony, is uncontroverted. It is totally uncontroverted. No one has taken the witness stand and

said anything else happened. Uncontroverted evidence.

(Trans. at 278).

Ladies and gentlemen, the evidence in the case came from the witness stand. Uncontroverted evidence was established beyond a reasonable doubt these 2 defendants acted in concert in the commission of a felony.

(Trans. at 309).

Use your common sense, your reason, base your verdict upon the testimony. Do what is right based upon the uncontroverted evidence, find these defendants guilty in concert with Jessica Terry.

(Trans. at 310). Petitioner asserts that these statements by the prosecutor were comments on his failure to testify and justify a new trial pursuant to Oklahoma statute. *See* Okla. Stat. tit. 22, § 701

It is settled that prosecutorial comment upon the silence of the accused violates the Fifth Amendment privilege against self-incrimination. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Thus, had Petitioner remained silent in exercise of this right, comment upon his failure to speak would have been clearly improper. However, this is not a case where the comments of the prosecutor directly and unequivocally called attention to the failure of the accused to testify, as in *Griffin. See also Collins v. United States,* 383 F.2d 296 (10th Cir.1967). Nor is this a case where the jury would naturally and necessarily understand the statement to be a comment on the failure of the accused to testify. *See Knowles v. United States,* 224 F.2d 168 (10th Cir.1955).

In *Knowles,* the Tenth Circuit held that reversible error exists if a prosecutor's remarks were "manifestly intended or [were] of such character that the jury would naturally and necessarily take

[them] to be a comment on the failure of the accused to testify." *Id.* at 170; *accord United States v. Hooks,* 780 F.2d 1526, 1533 (10th Cir.1986). In *Knowles,* a tax fraud case, the prosecutor stated that the defendant "had every opportunity in the world given to make an explanation of it, to prove it was in error, to cast doubt upon it. And it wasn't done." *Knowles,* 224 F.2d at 170. The circuit court construed this as a comment on the fact that the evidence was unrefuted, not that the defendant failed to testify. *Id.*

After reviewing the comments in this case, in light of the trial record, the Court finds that the remarks were not "manifestly intended" to draw attention to Petitioner's silence. Petitioner claims that these are comments on his failure to testify because only he could have impeached the testimony described as "uncontroverted." Nonetheless, the Court finds that the prosecutor's references to uncontroverted testimony cannot be said to refer to Petitioner's failure to take the stand. Rather, they refer to the defense's failure to put on any witnesses to counter the witnesses for the prosecution. Under the circumstances, a jury would not naturally and necessarily take these statements to be a reference to Petitioner's failure to testify, nor does the evidence show that they were so intended. After reviewing the record, the Court finds that the challenged statements were not intended to have the effect of emphasizing the failure of Petitioner to testify. Habeas corpus relief on this claim should be denied.

### 4. *Prosecutorial misconduct during closing argument*

As his fourth proposition of error, Petitioner alleges that he was denied due process as a result of the prosecutor's improper closing argument. Specifically,

Petitioner asserts that the "State alluded that defense was a smokescreen; State alluded that Petitioner had sold the stereo equipment to the deceased so that he could steal it back; State said, 'use your common sense, your reason, base your verdict on the evidence, base your verdict upon the testimony. DO WHAT IS RIGHT based on the evidence, find these defendants guilty.'" (# 7 at 10). Petitioner raised this claim in his state direct appeal. The OCCA adjudicated the claim. Therefore, this Court may grant habeas corpus relief only if Petitioner satisfies the § 2254(d) standard as discussed above. After reviewing the record in this case, the Court finds Petitioner has failed to make the requisite showing.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. *Donnelly v. DeChristoforo,* 416 U.S. 637, 642–648, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Cummings v. Evans,* 161 F.3d 610, 618 (10th Cir.1998), *cert. denied,* 526 U.S. 1052, 119 S.Ct. 1360, 143 L.Ed.2d 521 (1999). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. *Donnelly,* 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." *Fero v. Kerby,* 39 F.3d 1462, 1474 (10th Cir.1994) (quotations omitted); *see also Smallwood v. Gibson,* 191 F.3d 1257, 1275–76 (10th Cir.1999).

After reviewing the entire trial transcript, this Court does not find the OCCA's ruling to be an unreasonable application of constitutional law. Even assuming that the specific instances of alleged misconduct were improper, this Court finds, based on

careful review of the record of the entire proceedings, that none of the prosecutor's comments were of sufficient magnitude to influence the jury's decision. In light of the evidence establishing Petitioner's guilt, there is no reasonable probability that the verdict in this case would have been different without the alleged misconduct. Therefore, the Court concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Petitioner is not entitled to habeas relief.

### E. Procedural Bar

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 724; *see also Maes v. Thomas,* 46 F.3d 979, 985 (10th Cir.), *cert. denied,* 514 U.S. 1115, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995); *Gilbert v. Scott,* 941 F.2d 1065, 1067–68 (10th Cir.1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes,* 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly " 'in the vast majority of cases.' " *Id.* (quoting *Andrews v. Deland,* 943 F.2d 1162, 1190 (10th Cir.1991), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992)).

In the instant case, Petitioner first raised his claims numbered five through ten in post-conviction proceedings. With the exception of Petitioner's claims seven and nine, both involving challenges to the trial court's jurisdiction, the OCCA declined to evaluate the merits of the claims, ruling that Petitioner had waived his claims by failing either to raise the claims on direct appeal or to raise the claims in prior post-conviction applications. Applying the principles of procedural default to these facts, the Court concludes Petitioner's claims numbered five, six, eight and ten, as well as claims seven and nine, to the extent those claims challenge the sufficiency of the Information based on due process concerns, are procedurally barred from federal habeas corpus review.[2] Based on Okla. Stat. tit. 22, § 1086, the OCCA routinely bars claims that could have been but were not raised at the first opportunity, either on direct appeal or in a first application for post-conviction relief. The state court's procedural bar as applied to these claims was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." *Maes,* 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because, as stated above, the OCCA consistently declines to review claims which could have been but were not raised on direct appeal or in a first application for post-conviction relief. Okla. Stat. tit. 22, § 1086.

Because of his procedural default of his claims in state court, this Court may not consider Petitioner's claims numbered five through ten unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscar-

---

**2.** To the extent Petitioner's claims seven and nine challenge the trial court's subject matter jurisdiction based on an allegedly insufficient

Information, the claims are not procedurally barred and are discussed separately in Part F.

riage of justice would result if his claims are not considered. *See Coleman,* 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the state procedural rules." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* As for prejudice, a petitioner must show " 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Petitioner in this case argues ineffective assistance of appellate counsel as "cause" for his failure to raise claims six through ten on direct appeal. Petitioner also raises ineffective assistance of appellate counsel as a separate claim in claim five. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. *Carrier,* 477 U.S. at 488–89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. *Id.* Furthermore, the ineffective assistance of appellate counsel claim must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Id.* at 489.

Petitioner has in fact presented his ineffective assistance of appellate counsel claim as an independent claim to the state courts of Oklahoma in his third application for post-conviction relief. *See #* 18, Ex. F. Thus, Petitioner has satisfied the requirement that his ineffective assistance of appellate counsel claim be presented as an independent claim to the state courts before it may be used to establish cause for the procedural default of other claims. However, by order dated July 2, 1997, the OCCA affirmed the trial court's denial of post-conviction relief, finding that Petitioner had procedurally defaulted his claim by failing to raise in his prior post-conviction proceedings. (# 14, Ex. H). The OCCA's finding of procedural default as to Petitioner's ineffective assistance of appellate counsel claim is both "independent" and "adequate" and must be recognized by this Court. *Cf. Smallwood v. Gibson,* 191 F.3d 1257, 1268–69 (10th Cir.1999) (finding petitioner's failure to raise the factual bases for his ineffective assistance of counsel claims in his first application for state post-conviction relief precluded habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice); *Moore v. Reynolds,* 153 F.3d 1086, 1097 (10th Cir.1998) (same).

The United States Supreme Court recently held that an ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted and cannot serve as "cause" to excuse the procedural default unless the prisoner can satisfy the "cause and prejudice" standard with respect to that claim. *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000). Thus, in this case, because Petitioner procedurally defaulted his ineffective assistance of appellate counsel claim, that claim cannot serve as "cause" to excuse the procedural default of claims numbered six through ten unless Petitioner can demonstrate "cause and prejudice" for the procedural default of his ineffective assistance of appellate counsel

claim. The Court notes that in response to the Petitioner's second amended petition, Respondent argued that the ineffective assistance of appellate counsel claim was itself procedurally barred and that, in the absence of a showing of "cause and prejudice" for the default, this Court could not consider the claim. *See #* 34 at 18–19. In his reply to Respondent's response (# 36), Petitioner made no effort to demonstrate "cause and prejudice" for the default of his ineffective assistance of appellate counsel claim, choosing instead to "stand[ ] upon the argument and authority set forth in his Brief in Chief." Because Petitioner chose not to address the issue of cause and prejudice necessary to overcome the procedural default of the ineffective assistance of appellate counsel claim and the Court finds nothing in the record suggesting the existence of "cause and prejudice" sufficient to overcome the default, the Court concludes the claim is procedurally barred from this Court's review and cannot serve as "cause" to excuse the procedural default of claims six through ten.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. *Herrera v. Collins,* 506 U.S. 390, 403–404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Sawyer v. Whitley,* 505 U.S. 333, 339–341, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). However, Petitioner does not claim to be actually innocent of the crime for which he was convicted. As a result, the Court concludes that Petitioner has failed to make a colorable showing of actual innocence and finds that the "fundamental miscarriage of justice" exception to the procedural default doctrine has no application to this case. Claims five through ten should be denied as procedurally barred.

F. Challenge to trial court's jurisdiction based on insufficiencies of the Information

To the extent Petitioner challenges the jurisdiction of the trial court in claims seven and nine, the Court finds the claims are not cognizable under § 2254 and should be denied. As ground seven, Petitioner claims that because the Information failed to list all of the essential elements of the underlying felony, it was fundamentally defective and insufficient to confer subject matter jurisdiction on the trial court. (# 7 at 16). Petitioner asserts that any criminal information sheet which does not allege all the essential elements of the offense charged is insufficient, and the defect goes to the jurisdiction of the court and is not waivable. (# 10). As ground nine, Petitioner asserts that the trial court was divested of jurisdiction because the Information was "unverified." (# 7 at 20). Petitioner's argument is based on Okla. Stat. tit. 22, § 303, mandating that the information be endorsed and verified to confer jurisdiction on the trial court. *See* Okla. Stat. tit. 22, § 303; *Lynch v. State,* 909 P.2d 800, 803 (Okla.Crim.App.1996). Petitioner asserts that neither the Information, *see* # 7, Petitioner's Appendix at 15–17, nor the Amended Information [3] was verified as required by state statute thereby divesting the trial court of jurisdiction. In affirming the trial court's denial of post-conviction relief and after noting that a challenge to the trial court's jurisdiction may be raised at any time, the OCCA found that Petitioner did not "provide[ ] any evidence or authority which supports his arguments or establishes that any alleged defects in the information, or in his former convictions, destroyed the jurisdiction of the District Court." (# 14, Ex. F).

---

**3.** The amended information is not part of the record before this Court.

Even if Petitioner's assertions are true, the Court finds both of these claims raise issues of interpretation of state law and as such are not cognizable in a federal habeas case. *See Tyrrell v. Crouse,* 422 F.2d 852 (10th Cir.1970); *see also Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir.1994) (stating that "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: 'The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction ... This determination of jurisdiction is binding on this [federal] court.' *Chandler v. Armontrout,* 940 F.2d 363, 366 (8th Cir. 1991); *see Johnson v. Trickey,* 882 F.2d 316, 320 (8th Cir.1989) (adequacy of information is question of state law binding on federal courts)"); *Hernandez v. Ylst,* 930 F.2d 714, 719 (9th Cir.1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law."); *United States v. Mancusi,* 415 F.2d 205, 209 (2d Cir. 1969) ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law"); *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir.1976). Therefore, habeas corpus relief on these claims should be denied.

G. Claim raised in supplement to second amended petition

On September 20, 1999, the Court allowed Petitioner to file a supplement to the second amended petition (Docket # 43). In his supplement Petitioner added one additional claim: that "the extending of leniency to his co-defendant in exchange for her testimony against Petitioner at this trial was violative of Petitioner' 14th Amendment rights to Due Process as it violated the provisions of 22 O.S. § 456." [4] (# 43). Petitioner presented this claim to the state courts of Oklahoma in a fourth application for post-conviction relief. After the state district court denied the requested relief, Petitioner filed an appeal in the OCCA. However, on January 6, 1999, the OCCA dismissed the appeal as untimely filed. (# 44, Ex. A).

Petitioner asserts that his claim should not be subject to a procedural bar because the claim presents "a novel issue of law in Oklahoma and has yet to be decided by a Court of this jurisdiction." Petitioner further asserts "that a similar issue was recently considered by the Tenth Circuit in regards to a federal statute prohibiting or not prohibiting prosecutors from offering leniency in exchange for testimony in *Singleton v. U.S.,* (citation unknown)." Apparently, Petitioner relies on the Tenth Circuit's July 1, 1998 decision in *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), wherein the Tenth Circuit held that 18 U.S.C. § 201(c)(2) prohibited the federal government from offering leniency to persons in exchange for their testimony. By order entered July 10, 1998, the Tenth Circuit vacated its July 1, 1998, opinion and ordered the appeal be reheard by the court *en banc.* After hearing oral argument on the issues, the *en banc* court held that § 201(c)(2) does not include the United States acting in its sovereign capacity, and thus does not include an assistant United States attorney acting as alter ego of the United States in offering an accomplice leniency in exchange for truthful tes-

---

4. The Court notes that Okla. Stat. tit. 22, § 456, defining the form of a bench warrant to be issued if the offense is a felony, appears unrelated to the argument asserted by Petitioner in his supplemented claim.

timony. *United States v. Singleton,* 165 F.3d 1297 (10th Cir.1999).

Petitioner's attempt to frame his claim as a "novel issue of [Oklahoma] law" based on *Singleton* does not excuse his default of this claim in the state courts. Had Petitioner presented his claim in a timely filed post-conviction appeal, the OCCA would have undoubtedly imposed a bar, based on Okla. Stat. tit. 22, § 1086, finding that Petitioner could have but did not raise the claim in prior proceedings. That finding would be based on independent and adequate grounds and must, therefore, be respected by this Court. Petitioner has not demonstrated that his default should be excused. *See* discussion in Part E, above. Therefore, the claim should be denied as procedurally barred. In addition, the claim clearly involves interpretation and application of state law and is not cognizable in federal habeas corpus. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (stating that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). For these reasons, the Court concludes that Petitioner's claim asserted in his supplement to the second amended petition should be denied.

### CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. The second amended petition for a writ of habeas corpus, as supplemented, is denied.

2. Petitioner's motion for summary judgment (# 46) is denied.