OPINION
The defendant-appellant, Richard Paul Sparks II ("the appellant"), appeals the judgment of conviction and sentence of the Union County Court of Common Pleas, Criminal Division. For the following reasons, we affirm the judgment below. The facts and procedural history of the case follow.
On March 20, 1999, Ohio State Highway Patrol Trooper Nick Arbogast observed the appellant driving on U.S. 33 in Union County, Ohio. While following the appellant, Trooper Arbogast observed him weaving. Trooper Arbogast stopped the appellant's vehicle. The appellant was subsequently placed under arrest for driving under the influence of alcohol. During an inventory search of the appellant's vehicle, Trooper Arbogast noticed a backpack located on the front passenger seat. The backpack contained, among other items, ten individually wrapped packages of marijuana and a hand scale.
In April 1999, the Union County Grand jury indicted the appellant on one count of preparation of drugs for sale, in violation of R.C.2925.07[1], a felony of the fifth degree, and one count of possessing criminal tools, in violation of R.C. 2923.24, also a felony of the fifth degree. In October 1999, the case proceeded to a jury trial in the Union County Court of Common Pleas. At the conclusion of the trial, the jury found the appellant guilty of both counts as set forth in the indictment.
On December 9, 1999, a sentencing hearing was held in which the appellant was sentenced to a term of imprisonment of one year for the charge of preparation of drugs for sale, and one year for the charge of possessing criminal tools. The trial court ordered the sentences to run consecutively.
The appellant now appeals, setting forth three assignments of error for our review.[2]
1. Assignment of Error No. I
The defendant's constitutional right not to testify against himself and not to have a failure to testify held against him, were violated when the prosecutor made reference to the lack of testimony by witnesses.
In his first assignment of error, the appellant maintains that the prosecuting attorney improperly commented during closing arguments on his failure to testify. The appellant contends that the prosecutor violated his Fifth Amendment right not to testify against himself when the prosecutor commented in closing arguments that the appellant had the opportunity to present witnesses on his behalf, but had failed to do so. For the following reasons, we do not agree.
Clearly, a prosecutor may not comment upon the failure of a defendant to testify at trial. Griffin v. California (1965), 380 U.S. 609. To determine whether defendant's Fifth Amendment rights were violated, a court must examine " `whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' "State v. Webb (1994), 70 Ohio St.3d 325, 328, quoting Knowles v. UnitedStates (C.A.10, 1955), 224 F.2d 168, 170. (Emphasis deleted.)
Here, the prosecutor commented as follows during his final closing remarks:
 Defense counsel says, well, let's be fair. Well, ladies and gentlemen, we were entirely fair. He had the opportunity to produce witnesses here today, has the opportunity to bring them in.
 The appellant now argues that the prosecutor's comments violated his Fifth Amendment Right not to testify against himself. We do not agree. At trial, the defense attempted to implicate Shawn Finan, alleged owner of the backpack. The defense had argued that the marijuana and backpack had belonged to Finan. During closing remarks, defense counsel made repeated reference to such a theory, but did not produce any witnesses to testify to such fact. Therefore, the defense, in essence, opened the door to further comment regarding this witness. Moreover, we cannot in good conscience say that the jury would have naturally and necessarily taken the prosecutor's comments to cast aspersions on the appellant's position based upon his failure to testify. The prosecutor did not comment on the appellant's failure to testify so much as comment that the defense had failed to present a witness to dispute the State's evidence. Moreover, the prosecutor's statements did not explicitly mention the appellant and did not imply that the jury should take a position based on the appellant's failure to testify. For the foregoing reasons, we find no merit to the appellant's argument.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
2. Assignment of Error No. II
The improper comments made by the prosecution was misconduct and combined with the failure of the Court to allow introduction of a key piece of evidence for the defense, deprived the defendant of a fair trial.
In his second assignment of error, the appellant presents two separate and distinct arguments. Initially, the appellant argues that the State committed prosecutorial misconduct during closing arguments by shifting the burden of proof from the State to the defense. The appellant also contends that the trial court erred in excluding relevant, evidentiary material, which denied him a fair trial. For the following reasons, we do not agree.
In his brief, the appellant contends that misconduct arose from the State's actions when it commented in closing arguments that the appellant had the opportunity to present witnesses on his behalf, but had failed to do so. The appellant argues that his conviction should be reversed and a new trial ordered due to the misconduct of the State.
The conduct of a prosecuting attorney during the course of trial, including remarks made during closing argument, cannot be made a ground of error unless such conduct deprives the defendant a fair trial. Statev. Keenan (1993), 66 Ohio St.3d 402, 405. Therefore, an appellate court must determine whether the prosecutor's remarks were improper and, if so, whether such remarks prejudicially affected substantial rights of the defendant. State v. Lott (1990), 51 Ohio St.3d 160, 165; State v. Parks
(Dec. 20, 1995), Ross App. No. 95-CA-2095, unreported; State v. Greene
(May 15, 1996), Scioto App. No. 94CA2297, unreported. We note, however, that courts have traditionally afforded prosecutors a broad degree of latitude in presenting their closing arguments. State v. Rahman (1986),23 Ohio St.3d 146, 154; State v. Spradlin (Nov. 23, 1993), Hardin App. No. 6-93-1, unreported.
Here, the appellant points to comments made by the prosecution during closing arguments and suggests that such statements constituted prosecutorial misconduct of such a magnitude to warrant reversal. The appellant contends that the prosecutor's comments improperly shifted the burden of proof to the defense.
The appellant correctly asserts in his brief that the State may not attempt to shift the burden of proof upon a defendant. See State v.Thompson (1987), 33 Ohio St.3d 1. Nonetheless, a prosecutor may properly comment during closing arguments upon the defendant's failure to present exculpatory evidence. State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 19; State v. Williams (1986), 23 Ohio St.3d 16, 20; State v. Frazier
(Nov. 25, 1996), Butler App. No. CA96AE02AE023, unreported.
Here, the prosecutor merely called to the jury's attention the fact that the appellant had not presented testimony from any witnesses. These comments were not improper and did not shift the burden of proof to the defense in any way. Moreover, the jury was properly instructed by the court as to the burden of proof. Therefore, the appellant's claim of prosecutorial misconduct is without merit.
In his second argument, the appellant asserts that the trial court denied him the right to a fair trial by excluding relevant, evidentiary material. It is axiomatic that a decision to exclude relevant evidence is within the sound discretion of the trial court and will not be overturned by a reviewing court absent a showing of an abuse of discretion. State v. Bresson (1990), 51 Ohio St.3d 123, 129. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
At trial, the defense moved the trial court to allow into evidence a backpack found in the appellant's vehicle. The backpack contained a name, other than the appellant. The defense attempted to introduce the backpack as exculpatory evidence. The prosecution objected to the inclusion of the backpack into evidence. Although the prosecutor was aware of this piece of evidence, the trial court sustained the objection because the backpack did not appear on the evidence list.
Clearly, the backpack is material and relevant to the appellant's defense. The imposition of such a sanction was unduly severe and is inconsistent with the constitutional considerations at issue in this case. The trial court's decision to exclude evidence of this magnitude was clearly an abuse of discretion. Because we find that the trial court abused its discretion in imposing such a disproportionately severe sanction, we must determine whether this error can be considered harmless. Having considered the record as a whole, we cannot say that, by itself, the evidence was so material that it is certain beyond a reasonable doubt that the result of the proceedings would have been different had the backpack been included. A defendant is not entitled to a perfect trial, only a fair one. Therefore, we remain compelled to overrule this assignment of error because the error was harmless in light of the overwhelming evidence in the record.
Accordingly, the appellant's second assignment of error is overruled.
3. Assignment of Error No. III
The lower court erred in sentencing the defendant to maximum consecutive sentences in violation of the sentencing statutes of Senate Bill Two.
In his third and final assignment of error, the appellant maintains that the trial court erred during the sentencing phase of the trial. Specifically, the appellant asserts that the trial court erred in imposing upon him maximum, consecutive sentences.
R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that: "(a) the record does not support the sentence; * * * [or] (d) * * * the sentence is otherwise contrary to law."
Due to the July 1, 1996, enactment of the Senate Bill 2, Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this Court has consistently and repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid."State v. Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (1999), 136 Ohio App.3d 355. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence.Bonanno, supra, at 6.
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to a maximum sentence. R.C.2929.14(C) states, in pertinent part, as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 Additionally, the trial court must comply with R.C. 2929.19(B)(2)(d), which states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
With regard to the maximum sentences imposed in this case, a review of the transcript of the sentencing hearing reveals that the trial judge did find, on the record, that the appellant posed the greatest likelihood of committing future crimes. Therefore, the record indicates that the trial court made the necessary finding as required under R.C. 2929.14(C) at the sentencing hearing to impose maximum sentences for the crimes of preparation of drugs for sale and possessing criminal tools. The transcript of the sentencing hearing also reveals that the trial court properly considered the seriousness and recidivism factors enumerated in R.C. 2929.12 in support of its decision to impose maximum sentences. A brief, but adequate factual explanation setting forth the basis for those findings appears on the record. Therefore, we find that the trial court did not err in imposing maximum sentences upon the appellant.
 Under Ohio felony sentencing law, a trial court must also make specific findings prior to sentencing a defendant to consecutive sentences. R.C. 2929.14(E) states, in pertinent part, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post- release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Additionally, the trial court must comply with R.C. 2929.19(B)(2)(c),
which states, in pertinent part, as follows:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
 Here, a review of the transcript of the sentencing hearing reveals that the trial court did find that consecutive service was necessary to protect the public from future crime and to punish the appellant. The trial court also found that the appellant's criminal history demonstrates that consecutive sentences are necessary. The trial court, however, neglected to find on the record at the sentencing hearing that consecutive sentences are not disproportionate to the seriousness of the appellant's conduct and to the danger the appellant posed to the public. Having failed to make the foregoing findings on the record at the sentencing hearing, the trial court's actions do not constitute full compliance with the statutory requirements set forth in R.C. 2929.14(E). Therefore, we find that the trial court erred in imposing consecutive sentences upon the appellant.
Accordingly, the appellant's third assignment of error is sustained in part.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of sentencing is vacated as it relates to the imposition of consecutive sentences, and the matter is remanded for resentencing on this particular issue.
BRYANT and SHAW, JJ., concur.
[1] R.C. 2925.07 was repealed effective February 13, 2001.
[2] On January 22, 2001, the appellant filed a delayed appeal. This Court granted the appellant's motion.