**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leslie Eugene BENNETT, Defendant-Appellant.**

**No. 75–1907.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 24, 1976.

Decided Sept. 23, 1976.

Certiorari Denied Jan. 10, 1977.
See 97 S.Ct. 757.

Thomas D. McCormick, Oklahoma City, Okl., for defendant-appellant.

Drew Neville, Asst. U. S. Atty., Oklahoma City, Okl. (David L. Russell, U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

Appellant, Leslie Eugene Bennett, was convicted in the United States District Court for the Western District of Oklahoma for possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

Appellant was and is an inmate at the Federal Reformatory at El Reno, Oklahoma. Evidence established that on January 30, 1975, two officials at the El Reno reformatory, acting on an informer's tip, searched appellant's cubicle and there discovered a substantial quantity of marijuana. Dale Brown, one of the reformatory officers, testified that upon his arrival at appellant's cubicle, appellant "had a real surprised look on his face," and said, "Oh, hell!"

In closing argument, the prosecutor made the following comments:

And consider, too, what the Defendant said when this search was being conducted. When the search was conducted, he says, "Oh, hell!" The Defendant didn't say, "Oh, my gosh! How did those get there?" Defendant doesn't say, "How did those get there?"

Appellant objected and moved for a mistrial, but was overruled.

The question presented on appeal is whether the comments of the prosecutor constitute a reference to appellant's failure to exculpate himself when apprehended, thus penalizing him for the exercise of his right to remain silent at the time of his arrest. For the reasons hereinafter set forth, we hold that the prosecutor's comments did not cross the threshold of impropriety.

■ Appellant correctly points out that it is improper for a prosecutor to use in trial the fact that a defendant chose to stand mute in the face of accusation. *United*

*States v. Nolan*, 416 F.2d 588 (10th Cir. 1969), *cert. den'd* 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187. Appellee correctly points out that a prosecutor is entitled to latitude in closing argument to make fair comment on the evidence, and to draw reasonable inferences therefrom. *United States v. Fancutt*, 491 F.2d 312 (10th Cir. 1974). Some light is shed upon the hinterlands that lie between by our decision in *Knowles v. United States*, 224 F.2d 168 (1955). The *Knowles* case dealt with prosecutorial comment on the failure of a defendant to testify, as distinguished from comment on his pre-trial silence. Yet the constitutional question is the same, and the *Knowles* test is appropriate here. In that case we measured the prosecutor's remarks in terms of "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." 224 F.2d 168, 170. That test was recently reaffirmed by this Court in *Sanchez v. Heggie*, 531 F.2d 964 (10th Cir. 1976), cert. denied —— U.S. ——, 97 S.Ct. 135, 50 L.Ed.2d 122.

■ We must consider the prosecutor's comments in terms of the *Knowles* test to determine whether they do indeed cross the threshold of impropriety. If they do not, the point at which the *Nolan* case, and others of similar import cited to us by appellant, would command reversal is not reached.

As in the case of *Klepper v. United States*, 331 F.2d 694 (9th Cir. 1964), we consider it of significance here that appellant spoke a little, but not much. Appellant could have remained entirely silent, in which case comment on that fact by the prosecutor would not have been proper. He chose to express himself, however, and testimony as to what he did say was in evidence. As such it was a fair subject for comment by the prosecutor. *Klepper v. United States, supra; United States v. Fancutt, supra.* The latitude to be afforded the prosecutor in closing argument includes permission to draw inferences from the evi-

dence as to appellant's state of mind at pertinent times. *United States v. Lawson*, 483 F.2d 535 (8th Cir. 1973), *cert. den'd*, 414 U.S. 1133, 94 S.Ct. 874, 38 L.Ed.2d 757. We so construe the prosecutor's argument in the instant case. Although the assistant United States attorney would have been well advised to choose his words more carefully, the problem, if any, is semantics rather than constitutional law.

In the case of *Hayes v. United States*, 368 F.2d 814 (9th Cir. 1966), brief reference by the prosecutor to the failure of an accused to express surprise when confronted was held to be reasonable comment on the evidence, and not of the character to require reversal. To the same effect, *see United States v. Sanders*, 466 F.2d 673 (3rd Cir. 1972).

The prosecutor's closing argument is void of any manifest intent on his part to draw the attention of the jury to the failure of appellant to exculpate himself. Any reference to that effect was, at best, subtle and indirect. It was not a point upon which the prosecutor dwelt. It was not of a character that the jury would have necessarily considered it a comment on appellant's pre-trial failure to speak up in his defense.

AFFIRMED.