Hillsborough
No. 82-539

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL MERRILL

September 27, 1984

*Gregory H. Smith*, attorney general (*Amy L. Ignatius*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

SOUTER, J.  A jury found the defendant guilty of burglary, following a trial at which he did not testify. The defendant moved for declaration of mistrial on the ground that the prosecutor in his final argument improperly commented on the defendant's silence. The Superior Court (*Goode*, J.) denied the motion, subject to exception. We affirm.

The defendant objected to this portion of the prosecutor's argument:

> "Only that [the defendant] went in there and the fact that he tried to fool the police that day is more evidence of his guilt. He's attempting to pull the wool over the police's eyes and yours. Don't let him say that he's not guilty when, in fact, we know that he is guilty."

The defendant claims that the remarks violated his rights under the Fifth and Fourteenth Amendments of the National Constitution, which forbid "comment by the prosecution on the accused's silence." *Griffin v. California*, 380 U.S. 609, 615 (1965); *cf.* N.H. CONST. pt. I, art. 15; RSA 516:32.

The offending comment in *Griffin* referred expressly to the defendant's decision to keep silent: "'Essie Mae is dead, she can't tell you her side of the story. The defendant won't.'" 380 U.S. at 611. The prosecutor's language in the case before us made no such express

reference to the defendant's silence. Rather, it accused him of trying to pull the wool over the jurors' eyes and of saying he was not guilty when he was guilty. Whatever may be the merits of these comments, they are not obviously comments on silence, and it is difficult to see that they would fall within the *Griffin* proscription.

Assuming *arguendo* that there is any doubt on the issue, we turn to the standard as articulated in *Lussier v. Gunter*, 552 F.2d 385 (1st Cir.), *cert. denied*, 434 U.S. 854 (1977), for determining the applicability of the *Griffin* rule in questionable cases. The Court of Appeals for the First Circuit adopted this test: "'whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" *Id.* at 389 (quoting *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955)). Judged on these criteria, the prosecutor's statement falls on the permissible side of the line. It manifested no intent to comment on more than the defendant's behavior before arrest and his plea of not guilty, and it would not have been necessary or natural for the jury to take it otherwise. While the fact of this appeal proves that the remark was ill-conceived, there was no violation of *Griffin*.

Since we find no violation, it is not necessary to consider the doctrine of harmless error under *United States v. Hasting*, 103 S. Ct. 1974 (1983), or the standard for choosing between declarations of mistrial and curative instructions when error is not harmless.

*Affirmed.*

All concurred.