JOURNAL ENTRY AND OPINION
Defendant-appellant Clinton Hickman, Jr. appeals from his conviction for possession of cocaine in violation of R.C. 2925.11. The appellant was sentenced to a term of six months incarceration.
Cleveland Police Officer Brian Davis testified that on September 2, 1999, he observed the appellant and two other individuals at the corner of Decker and East 84th Street. As the officers approached, these three individuals dispersed. The appellant walked south on East 84th Street and the other two continued west on Decker. The officers activated their spotlight and focused on the appellant. Officer Davis observed the appellant's right hand open up and then observed two objects fall onto the ground (T. 278). The appellant was detained and two rocks of crack cocaine were recovered from the ground.[1]
The appellant rested and presented no evidence on his own behalf.
In closing argument the prosecutor made the following statement:
. . . . . . And I told you what the State would show. I promised the State would deliver evidence and testimony to prove this crime.
 The defense, also in their opening statement, said they would say they agreed on quite a bit. The defendant was in the area when this happened. He was on that corner.
He was arrested.
 But they also talk about he needed a hammer from his car because he was working for the landlady, doing work for her. And then he saw somebody he knew on the corner and decided to have a chat, shook hands and going about their ways.
 Ladies and gentlemen, the State of Ohio delivered on their promise to you. You heard from the witnesses that came in that door from the State of Ohio exactly what happened. The State delivered their promise.
* * * *
 And now the Court will charge you and tell you what the law you need to apply to this case is, and it will then be your duty to do justice. Look at this evidence. There's been no evidence presented, whatsoever, to contradict this. Please find this defendant guilty because he possessed these drugs. Do justice. (Emphasis added).
(T. 329-331).
The appellant asserts only the following assignment of error:
 APPELLANT'S CONVICTION VIOLATES DUE PROCESS AND THE RIGHT AGAINST SELF-INCRIMINATION BECAUSE THE STATE IMPROPERLY COMMENTED ON APPELLANT'S CHOICE TO NOT TESTIFY AND TO NOT OFFER EVIDENCE.
The appellant asserts that the State, during closing arguments, explicitly and implicitly commented upon his choice not to testify at trial and to not offer evidence. The appellant argues he did not open the door to the prosecutor's comments during his opening or closing arguments. The State of Ohio acknowledges that the Fifth Amendment to the United States Constitution precludes the State from commenting on a defendant's failure to testify, but asserts that the statements made in closing argument were permissible.
The Ohio Supreme Court has held that where a defendant fails to object to the State's comment, that evidence is unrebutted, the error is waived. State v. Webb (1994), 70 Ohio St.3d 325. A review of the record in the matter at hand reveals that the appellant made no objection to the prosecutor's comments made during closing argument which he now asserts to be error. Thus, we find that any error was waived and we proceed under a plain error analysis. State v. Steinman (1992), 79 Ohio App.3d 246,251-252.
Plain error will not be recognized unless the outcome of the trial clearly would have been different, but for the error. State v. Long (1978), 53 Ohio St.2d 91. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Id. To begin this analysis, we note that, as the Webb Court held, the question is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States (C.A.10, 1955), 224 F.2d 168,170, quoted in State v. Cooper (1977), 52 Ohio St.2d 163. The State may not comment on an accused's failure to testify at trial. Griffin v. California (1965), 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229. However, the State may comment that evidence against an accused is uncontradicted and unrefuted. State v. Lockett (1976), 49 Ohio St.2d 48, 65. State v. Girts (1997), 121 Ohio App.3d 539.
In the matter at hand, there is nothing in the record to suggest that, but for these comments, the verdict would clearly have been different. Officer Davis testified that he observed the appellant throw the suspected cocaine on the ground. Once the packet was retrieved, subsequent testing proved that it was indeed cocaine. Given the eyewitness evidence provided by the police officer, this court does not find that the outcome of the trial would clearly have been different absent any error committed during closing argument. Accordingly, this court concludes that no plain error was committed.
The appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR.
[1] Cynthia Lewis of the Cleveland Police Scientific Investigation Unit testified that the evidence submitted by the police tested positive for cocaine (T. 303, 304). The appellant does not contest this finding.