DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Ernest J. Sherman, appeals from the judgment of the Summit County Court of Common Pleas which found him guilty of receiving stolen property and sentenced him accordingly. We affirm.
 {¶ 2} On April 27, 2004, the Summit County Grand Jury indicted Defendant with one count of receiving stolen property, in violation of R.C. 2913.51(A). A jury trial ensued. The jury found Defendant guilty, and the court sentenced Defendant to one year incarceration. Defendant timely appealed, raising four assignments of error for our review. For ease of discussion, we will begin our discussion with Defendant's final assignment of error.
 ASSIGNMENT OF ERROR IV
"Defendant's conviction was based upon insufficient evidence and/or was against the manifest weight of the evidence."
 {¶ 3} In his final assignment of error, Defendant argues that his conviction was against the manifest weight and supported by insufficient evidence as a matter of law. He opines that the record is devoid of any evidence illustrating he knew the stolen nature of the vehicle he possessed and operated. We disagree.
 {¶ 4} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988), 51 Ohio App.3d 215, 216. "`In essence, sufficiency is a test of adequacy.'" Smith at ¶ 7, quotingThompkins, 78 Ohio St.3d at 386.
 {¶ 5} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence:
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id.
 {¶ 6} Defendant was convicted of receiving stolen property, in violation of R.C. 2913.51(A) which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." A person acts knowingly "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 7} Officers Raphael Spano and Warren Soulsby, Jr., testified that they saw a vehicle, driven by Defendant, speed up in an apparent effort to evade their police cruiser around midnight one April evening. Officer Soulsby checked the license plate of the vehicle against the portable LEADS database in the cruiser, and discovered that the vehicle had been reported stolen. The officers, after waiting very briefly for backup, initiated a stop. Defendant, the driver of the stolen vehicle, cooperated with the officers, nervously exiting the vehicle upon request. After hand cuffing Defendant and his passenger, who also cooperated during the arrest, Officer Spano inspected the vehicle: he discovered no damage to the car and a single key in the ignition. The officer then read Defendant his Miranda rights, which Defendant waived. When questioned, Defendant indicated that "[h]e got [the car] from an unknown black male on Amherst and West Thornton Street." Defendant did not explain why he had the vehicle, and the officers did not ask any further questions regarding the circumstances of how Defendant received the vehicle.
 {¶ 8} The owner of the vehicle, Arthur Busch, explained that his mildly mentally retarded adult son routinely drove the car to a parking lot at Summit Mall where he took a bus to the University of Akron for classes through the MRDD program. Busch indicated that his son may have left the key in the car on the day it was stolen as his son "was pretty nervous" because he had only recently started the MRDD program and "he didn't sleep real well that night." When his son returned later in the day to drive home, the vehicle was gone. Busch immediately reported it stolen, and stated that he had not given anyone other than his son permission to drive the vehicle. He further did not think that his son knew Defendant.
 {¶ 9} After reviewing the evidence before the jury, we cannot find that the verdict is against the manifest weight of the evidence. Although the physical condition of the car would not have necessarily indicated the stolen nature of the vehicle, the only explanation given by Defendant as to where he received the vehicle remains suspicious: an unknown individual gave him the car. The jury could either have inferred that Defendant lied about this or that he should have known that a vehicle, given to him freely by someone he did not know, was most likely stolen. This Court will not substitute its judgment for that of the jury who was in a better position to evaluate the credibility of the witnesses. Statev. Green (1996), 117 Ohio App.3d 644, 650, citing State v. Waddy
(1992), 63 Ohio St.3d 424, 430. A finding that a conviction is supported by the weight of the evidence also includes a finding of sufficiency of the evidence. Smith at ¶ 9, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Accordingly, we overrule Defendant's fourth assignment of error.
 ASSIGNMENT OF ERROR I
"The trial court committed plain error when the prosecutor commented on Defendant's failure to testify[.]"
 {¶ 10} In his first assignment of error, Defendant posits that a certain statement made by the prosecutor during closing arguments equated to an improper comment on Defendant's failure to testify. Although Defendant's counsel failed to object to the statement during the trial, Defendant opines that plain error lies in this case. We disagree.
 {¶ 11} The Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, forbids prosecutorial comment on a defendant's failure to testify. Griffin v.California (1965), 380 U.S. 609, 615, 14 L.Ed.2d 106. This constitutional right, however, only bars prosecutorial comment which a jury "`would naturally and necessarily take * * * to be a comment on the failure of the accused to testify.'" (Emphasis omitted.) State v. Webb (1994),70 Ohio St.3d 325, 328, quoting Knowles v. United States (C.A.10, 1955),224 F.2d 168, 170. See, also, State v. Smith, 9th Dist. Nos. 01CA0039 and 01CA0055, 2002-Ohio-4402, at ¶ 98. Further, as defense counsel failed to object to the comment below, this Court may only reverse the judgment below if the prosecutor's comment equated to plain error. See State v.Twyford (2002), 94 Ohio St.3d 340, 355.
 {¶ 12} During closing argument, the prosecutor stated that "there has been no testimony whatsoever how the defendant got that car other than his statement to the police." This remark must not be considered in isolation and accorded its most damaging meaning, but should rather be evaluated in the context of the whole of the prosecutor's argument. SeeTwyford, 94 Ohio St.3d at 356. Considered in this light, we find that the prosecutor did not act improperly. Taken in context, the prosecutor's remark simply referred to the fact that no evidence supported Defendant's statement to the police. The prosecutor indicated that the jury must either believe Defendant's statement that an unidentified individual gave Defendant the car, or that Defendant lied about where he received the vehicle, implying that Defendant suspected that the vehicle was stolen. We overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred when it sentenced Defendant to more than the minimum term allowed by law based on facts not found by the jury[.]"
 {¶ 13} In his second assignment of error, Defendant alleges that the trial court erred by sentencing him to more than a minimum sentence in violation of Blakely v. Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial court based its sentence in part upon the finding that Defendant had served a prior prison term, a fact which was not submitted to a jury. Defendant contends that any fact which elevates a sentence, including the fact of prior incarceration, must be submitted to a jury and found beyond a reasonable doubt. We find Defendant's assertions meritless.
 {¶ 14} "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 147 L.Ed.2d 435. The United States Supreme Court in Blakely explicitly applied this precedent to a new set of facts without changing the underlying rule. See Blakely,124 S.Ct. 2531. As such, the fact of a prior conviction remains a fact which a sentencing judge may find and rely upon without submitting that fact to a jury. This is precisely what the sentencing judge in this case did. We overrule Defendant's second assignment of error.
 ASSIGNMENT OF ERROR III
"Defendant's counsel was ineffective which prejudiced [Defendant] and resulted in his conviction."
 {¶ 15} In his third assignment of error, Defendant argues that he received ineffective assistance of trial counsel. Defendant alleges error in four regards: (1) the failure of trial counsel to object to improper remarks by the prosecutor during closing argument; (2) the failure of trial counsel to argue Blakely to the court at sentencing; (3) the failure of trial counsel to object to certain testimony; and (4) the failure of trial counsel to conduct a more comprehensive voir dire examination of prospective jurors. We find that Defendant's contentions lack merit.
 {¶ 16} In evaluating an ineffective assistance of counsel claim, this Court employs the two step process described in Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396. Licensed attorneys are presumed competent in Ohio. Lytle,48 Ohio St.2d at 397. "[D]efendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v.Louisiana (1955), 350 U.S. 91, 101, 100 L.Ed. 83.
 {¶ 17} Second, the court must determine if prejudice resulted to Defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-42. Prejudice exists where the trial result would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48-49, quoting Strickland, 466 U.S. at 687.
 {¶ 18} This court need not address both elements in any particular order — if we find there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See Bradley, 42 Ohio St.3d at 143. In fact, the Ohio Supreme Court has instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." Id.
 {¶ 19} This Court has already determined that the prosecutor did not improperly comment upon Defendant's choice to invoke his constitutional right not to testify, and that Blakely does not bar the court from finding the fact of a prior conviction in order to enhance a defendant's sentence. As neither of these acts is error, trial counsel was not ineffective in those regards.
 {¶ 20} Defendant also asserts that the following testimony by Busch was improper lay opinion testimony to which his counsel should have lodged an objection: "[A]s far as I know, no. I don't believe my son knows [Defendant]." He further argues that any testimony about information obtained by referencing the LEADS database in the police cruiser is inadmissible hearsay to which his counsel should have objected. Next he contends that his counsel was ineffective for failing to conduct a more thorough voir dire, regardless of the extensive voir dire already conducted by the prosecutor. Defendant, however, fails to make any showing of how these alleged errors prejudiced him. He merely asserts that his counsel was ineffective in these three regards and does not attempt to illustrate how the outcome of his trial would have been different absent the alleged errors. It is not the duty of this Court to create those arguments for him. We find that Defendant has failed to show how he was prejudiced by the alleged errors, and overrule his third assignment of error.
 {¶ 21} We overrule Defendant's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Baird, J. concur.