*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KENNETH A. GOLDSBURY, | ) | |
| | ) | Supreme Court No. S-15393 |
| Petitioner, | ) | Court of Appeals No. A-10624 |
| | ) | |
| v. | ) | Superior Court No. 3PA-09-00204 CR |
| | ) | |
| STATE OF ALASKA, | ) | O P I N I O N |
| | ) | |
| Respondent. | ) | No. 6983 – February 13, 2015 |
| | ) | |

Petition for Hearing from the Court of Appeals of the State of Alaska, on appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Paul E. Malin, Law Office of Christine Schleuss, Anchorage, for Petitioner. Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Respondent.

Before: Fabe, Chief Justice, Winfree, Stowers, and Maassen, Justices. [Bolger, Justice, not participating.]

FABE, Chief Justice.

## I. INTRODUCTION

A criminal defendant exercised his constitutional right not to testify at trial. The prosecutor, in her rebuttal closing argument, commented that two people knew what had happened on the night in question, and only one of them, the victim, had testified.

The defendant did not object to the comment, and the jury convicted him of attempted murder. The court of appeals, reviewing the defendant's unpreserved claim of error, determined that the prosecutor's remark violated the defendant's right against self-incrimination. But the court of appeals concluded that there was no plain error because "at least some reasonable judges could have concluded that the problem was not egregious enough to warrant a mistrial, and that the problem could be handled through curative instructions."[1] We affirm the conviction, but for a different reason — because the error, even though obvious, non-tactical, and affecting a substantial right, was harmless beyond a reasonable doubt.

## II.    FACTS AND PROCEEDINGS

Following a dispute at the Roadside Inn at Mile 49.5 of the Parks Highway, Kenneth Goldsbury fired a round of bird shot through the door of his motel room, striking Marvin Long in the torso. Long sustained minor injuries. At trial the State asserted that Goldsbury had intended to kill Long, and that he had taken a substantial step toward that goal by firing the round of bird shot through the door. Goldsbury argued that he was acting in self-defense and that he lacked the requisite intent to support a conviction for attempted murder in the first degree. The jury heard testimony from Long, but Goldsbury did not take the stand. During her closing argument rebuttal, the prosecutor remarked:

> [W]e heard all this talk about what was not done in the investigation. But the fact remains, the only people who know what happened that night are [the victim] and the defendant. And [the victim] testified, came in here and faced all you people, and told you what happened in this case.

---

[1]    *Goldsbury v. State*, Mem. Op. & J. No. 5854, 2012 WL 2203055, at *5 (Alaska App. June 13, 2012).

Goldsbury's attorney did not object to this statement, despite its implicit adverse comment on Goldsbury's decision not to testify.

Before the closing arguments the superior court had given the jury a series of instructions, which included the following passage regarding the presumption of innocence and the burden of proof beyond a reasonable doubt:

> *A defendant has the absolute right not to testify, and you must not draw any inference against the defendant for not testifying.* Thus a reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is upon the prosecution to prove every essential element of the crime charged, beyond a reasonable doubt, a defendant has the right to rely upon the failure of the prosecution to establish such proof. (Emphasis added.)

And immediately following the prosecutor's closing argument rebuttal, the superior court gave another set of instructions, which further specified:

> *A defendant has an absolute right not to testify. The fact that the defendant did not testify cannot be considered by you in any way.* Do not speculate about why the defendant did not testify. Do not even discuss it in your deliberations.
>
> It is up to the State to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent. (Emphasis added.)

No instruction specifically addressing the prosecutor's comment during closing arguments was requested or given.

The jury convicted Goldsbury of attempted murder in the first degree,[2] assault in the second degree by intentionally causing physical injury with a dangerous

---

[2] AS 11.41.100(a)(1)(A); AS 11.31.100(a).

instrument,[3] recklessly firing a gun at a building,[4] and criminal mischief in the fourth degree resulting in property damage.[5]

Goldsbury maintains that the prosecutor's comment during closing argument violated his state and federal constitutional rights against self-incrimination. The court of appeals agreed that the prosecutor's comment "clearly" was constitutionally impermissible because its "obvious implication was that Goldsbury, the only other person who could tell the jury what happened, was more likely guilty because he had not testified."[6] But Goldsbury failed to preserve his argument for appeal by objecting at trial, and the court of appeals concluded that the prosecutor's statement did not constitute plain error.[7] Goldsbury petitioned this court for review, and we granted his petition on the question "whether the prosecutor's comment regarding Goldsbury's failure to testify meets the plain error test set forth in *Adams v. State*, 261 P.3d 758 (Alaska 2011)."[8]

## III. STANDARDS OF REVIEW

"The proper extent of appellate review for an unpreserved claim of constitutional error is a question of law that we review de novo."[9] The scope of the constitutional right against self-incrimination "is a question of constitutional law which

---

[3]    AS 11.41.210(a)(1).

[4]    AS 11.61.195(a)(3)(A).

[5]    AS 11.46.484(a)(1).

[6]    *Goldsbury*, 2012 WL 2203055, at *3.

[7]    *See id.* at *4-5.

[8]    We did not grant review on a separate sentencing issue Goldsbury raised in his petition.

[9]    *Johnson v. State*, 328 P.3d 77, 81 (Alaska 2014).

we decide de novo."[10] "Under the de novo review standard, we exercise our independent judgment, and our 'duty is to adopt the rule of law that is most persuasive in light of precedent, reason, and policy.' "[11]

## IV.   DISCUSSION

### A.   The Prosecutor's Comment Abridged Goldsbury's Constitutional Right Against Self-Incrimination.

The Fifth Amendment to the U.S. Constitution provides for a right against self-incrimination:  "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."[12]  Similarly, article I, section 9 of the Alaska Constitution provides:  "No person shall be compelled in any criminal proceeding to be a witness against himself."[13]   The U.S. Supreme Court and this court have concluded that prosecutors may not comment adversely on a criminal defendant's decision to invoke his right against self-incrimination.[14]  Even where an adverse comment only indirectly addresses a defendant's invocation of the right against self-incrimination, constitutional

---

[10]     *State v. Gonzalez*, 853 P.2d 526, 529 (Alaska 1993).

[11]     *Johnson*, 328 P.3d at 81 (citation omitted) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

[12]     U.S. CONST. amend V.   The Fifth Amendment right against self-incrimination was incorporated against the states via the Due Process Clause of the Fourteenth Amendment in *Malloy v. Hogan*, 378 U.S. 1, 6 (1964).

[13]     Alaska Const. art. I, § 9.

[14]     *Griffin v. California*, 380 U.S. 609, 615 (1965) ("[T]he Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."); *McCracken v. State*, 431 P.2d 513, 517 (Alaska 1967) ("It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf . . . .") (quoting *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955)).

error occurs if "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."[15]

During closing arguments the prosecutor asserted that "the only people who know what happened that night are [the victim] and the defendant. And [the victim] testified, came in here and faced all you people, and told you what happened in this case." We agree with the court of appeals' conclusion that "[t]he prosecutor's argument in this case was clearly an improper statement."[16] This "comment on the failure of the accused to testify"[17] improperly infringed on Goldsbury's constitutional right against self-incrimination.

B.    **The Prosecutor's Constitutional Violation Does Not Require Reversal Of The Conviction.**

Goldsbury's attorney failed to object to the prosecutor's comment during rebuttal at closing arguments. "Typically, a litigant or defendant must raise an objection in the trial court in order to preserve that argument for appeal."[18] But "prudential exceptions,"[19] like the plain error rule, exist "to provide us with an opportunity to review certain types of errors that we will not allow to go unreviewed despite the appellant's

---

[15]    *McCracken*, 431 P.2d at 517 (quoting *Knowles*, 224 F.2d at 170).

[16]    *Goldsbury v. State*, Mem. Op. & J. No. 5854, 2012 WL 2203055, at *3 (Alaska App. June 13, 2012).

[17]    *McCracken*, 431 P.2d at 517 (quoting *Knowles*, 224 F.2d at 170).

[18]    *Johnson v. State*, 328 P.3d 77, 82 (Alaska 2014).

[19]    *Id.*

failure to preserve the argument for appellate review."[20]  In *Adams v. State* we set out the test for plain error:

> Establishing plain error . . . requires the following:  (1) there must be error, and the error must not have been the result of an intelligent waiver or a tactical decision not to object; (2) the error must be obvious, meaning that it should have been apparent to any competent judge or lawyer; (3) the error must affect substantial rights, meaning that it must pertain to the fundamental fairness of the proceeding; and (4) the error must be prejudicial.  A constitutional violation will always affect substantial rights and will be prejudicial unless the State proves that it was harmless beyond a reasonable doubt.[21]

And in *Charles v. State* we emphasized that "instead of focusing on whether [an] error was hypothetically obvious, we ask whether the error was 'so prejudicial to the fairness of the proceedings that . . . failure to correct it would perpetuate manifest injustice.' "[22]

Here, the court of appeals seemed to reason that in order to find plain error, it must conclude that "any reasonable judge [would] have had to declare a mistrial" if Goldsbury had objected to the prosecutor's comment.[23]  The court's implicit rationale appears to be that because the appropriate remedy was not obvious, the error itself was not obvious.  On this basis, and without any consideration of prejudice in its analysis, the court of appeals concluded that there was no plain error.  But our subsequent decisions in *Charles* and *Johnson* have emphasized that prejudice is the touchstone of plain error

---

**20**     *Id.* at 82 n.24.

**21**     261 P.3d 758, 773 (Alaska 2011).

**22**     326 P.3d 978, 987 (Alaska 2014) (omission in original) (quoting *Charles v. State*, 287 P.3d 779, 783 (Alaska App. 2012)).

**23**     *See Goldsbury v. State*, Mem. Op. & J. No. 5854, 2012 WL 2203055, at *4 (Alaska App. June 13, 2012).

review.[24] And in this case the obviousness element is clearly satisfied: Had Goldsbury's attorney objected, the superior court could not have overruled the objection because it is well-established in our jurisprudence that a comment on a defendant's failure to testify violates the Fifth Amendment and Alaska Constitution.[25] And "[t]he fact that reasonable people could disagree about a proposition" — or in this case an appropriate remedy — does "not prevent a trial court's actions . . . from constituting plain error."[26] Finally, the fact that the error involves the infringement of a constitutional right supports a conclusion that it was obvious.[27]

Similarly, the court of appeals avoided considering prejudice by suggesting that Goldsbury's failure to make a timely objection foreclosed the possibility of plain error because that failure to object may have been tactical.[28] But "[w]hether [a] defendant made a tactical decision not to object or intelligently waived an opportunity to object must be plainly obvious from the face of the record, not presumed in the face of a silent or ambiguous record."[29] Here, although tactical reasons not to object may

---

[24]    *See Charles*, 326 P.3d at 987; *Johnson*, 328 P.3d at 83 n.27.

[25]    *See, e.g.*, *Griffin v. California*, 380 U.S. 609, 615 (1965) ("[T]he Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."); *McCracken v. State*, 431 P.2d 513, 517 (Alaska 1967) ("It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf . . . .").

[26]    *See Johnson*, 328 P.3d at 83 n.27.

[27]    *See id.* at 84 n.33 ("[T]he size or nature of the error deviating from the claimed right is a factor we consider when determining whether to review an unpreserved claim of error for plain error.").

[28]    *See Goldsbury*, 2012 WL 2203055, at *4.

[29]    *Moreno v. State*, ___ P.3d ___, Op. No. 6982 at 26, 2015 WL _____,
(continued...)

exist, there is simply no evidence to suggest that Goldsbury's attorney in fact made a conscious decision not to object. And contrary to the State's suggestion, the burden does not fall on Goldsbury to prove that his attorney's failure to object was not tactical.[30] Thus there is an obvious non-tactical error affecting a substantial right. With the first three elements from *Adams* satisfied, our analysis, as *Charles* directs, turns to prejudice.

We conclude that the State satisfied its burden to prove the constitutional error harmless beyond a reasonable doubt given the brief, isolated, and indirect nature of the comment regarding Goldsbury's right not to testify, and the instructions to the jury immediately before and after that comment. In *Adams* we did note that prejudicial comments made during closing arguments are more likely to be prejudicial and less likely to be mitigated by curative instructions than are comments made during other parts of a trial.[31] But the conduct at issue here is far less egregious than that in *Adams*. There, the prosecutor repeatedly drew negative inferences from the defendant's silence in response to police questions, elicited testimony regarding the defendant's silence twice during cross-examination of the defendant, and "pointed to Adams's silence to argue that Adams's testimony was less credible than the victim's" on three separate occasions during his closing argument.[32] In contrast, the comment regarding Goldsbury's failure to testify was isolated and indirect. The prosecutor made no express reference to

---

[29](...continued)
at *__ (Alaska Jan. 30, 2015).

[30]     *See id.* ("We have never placed this burden on the defendant.").

[31]     *See Adams v. State*, 261 P.3d 758, 774-75 (Alaska 2011); *Dorman v. State*, 622 P.2d 448, 458 (Alaska 1981) ("Even where a timely objection is made and sustained, a curative instruction may be insufficient to remove the prejudice caused by a guilt by silence argument in a close case such as this one.").

[32]     *See Adams*, 261 P.3d at 762-63.

Goldsbury's decision not to testify, and the comment was "brief and passing" rather than an express call for jury members to draw a negative inference from Goldsbury's failure to testify at trial, as was the case in *Adams*.[33]

Under these circumstances the comment was not so inflammatory as to be incurable by instruction, and the actual instructions given to the jury just before and after the comment were sufficient to cure any harm which may have arisen from the comment. Had Goldsbury made a timely objection to the comment, it would have been reasonable for the superior court to have issued a curative instruction, which would have directed the jury to disregard the specific comment made by the prosecutor, informed the jury of the defendant's constitutional right not to testify, and announced the jury's obligation not to draw any inferences from defendant's failure to testify.[34] And here, immediately before the closing arguments in which the comment was made, the superior court issued the following instruction: "A defendant has the absolute right not to testify, and you must not draw any inference against the defendant for not testifying." Immediately after the conclusion of the prosecutor's rebuttal, the superior court issued another instruction on this topic:

> A defendant has an absolute right not to testify. The fact that the defendant did not testify cannot be considered by you in any way. Do not speculate about why the defendant did not testify. Do not even discuss it in your deliberations.

---

[33]    *See id.* at 775 (recognizing that the court of appeals had previously held that "comments on a defendant's silence are more likely to be prejudicial if the comment was 'express' rather than a 'brief and passing' reference" (quoting *Van Hatten v. State*, 666 P.2d 1047, 1056 (Alaska App. 1983))).

[34]    *See, e.g.*, *Hamilton v. State*, 771 P.2d 1358, 1360 (Alaska App. 1989) (affirming a curative instruction in the context of improper comment on defendant's pre-trial silence which specifically announced that "the last five questions and responses are not to be considered by you in your deliberations").

The jury therefore received two explicit instructions regarding Goldsbury's constitutional right not to testify and the jury's obligation not to draw inferences from, or even discuss, his failure to testify, both within close temporal proximity to the prosecutor's improper comment. And the jury retained written copies of the instructions for reference during their deliberation.

In our view, the harm from the prosecutor's comment, which was brief, isolated, and oblique, was cured by the jury instructions on Goldsbury's right not to testify before and after the comment. Accordingly, the State's burden to prove that the error was harmless beyond a reasonable doubt is satisfied.[35]

## V. CONCLUSION

Because the error was harmless beyond a reasonable doubt, reversal of Goldsbury's conviction is not warranted. We AFFIRM.

---

[35] We emphasize that although reversal is not warranted in this case, we do not condone the comment at issue. The prosecutor's remark in her rebuttal closing argument unequivocally violated Goldsbury's right against self-incrimination. But the purpose of the plain error doctrine is to reverse errors which would "contribute to a miscarriage of justice." *Adams*, 261 P.3d at 764. With that in mind, we note that an identical comment made under different circumstances could warrant reversal in the future. Our decision today should not be interpreted to hold that a standard jury instruction on the right to remain silent is a per se cure for a constitutional violation of that right. Rather, it is only one factor in the prejudice component of our plain error analysis.